# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ANDERSON/GREENWOOD DIVISION

| | |
|---|---|
| Touriarnold Spann, ) | |
| ) | Civil Action No.: 8:21-cv-00892-JMC |
| Petitioner, ) | |
| v. ) | |
| ) | **ORDER AND OPINION** |
| ) | |
| C. Williams, *Warden*, ) | |
| ) | |
| Respondent. ) | |
| ) | |

Petitioner Touriarnold Spann is a state prisoner in the custody of the South Carolina Department of Corrections ("SCDC"). Petitioner filed a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) This matter is before the court for review of the Magistrate Judge's Report and Recommendation ("Report") filed on November 22, 2021, recommending the Petition be denied and dismissed and Respondent's Motion for Summary Judgment be granted. (ECF No. 48.) The Magistrate Judge recommended that Petitioner's Motion for Default/Summary Judgment (ECF No. 22), and Motion for an Evidentiary Hearing (ECF No. 30), Motion to Strike and/or Vacate (ECF No. 36), Motion to Appoint Counsel for Estoppel (ECF No. 41), each be denied. (ECF No. 48.) For the reasons set forth below, the court **ACCEPTS** the Report (ECF No. 48), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 19), **DENIES** each of Petitioner's Motions (ECF Nos. 22, 30, 36, 41), and **DISMISSES** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1).

## I. FACTUAL AND PROCEDURAL BACKGROUND

The Report sets forth the relevant facts and legal standards which this court incorporates herein without a full recitation. (*See* ECF No. 48 at 3–17.) Petitioner's convictions arise from two (2) separate events. (ECF No. 18-8 at 1, 58.) The charges of burglary first degree, armed robbery,

1

carjacking, impersonating a law enforcement officer, and possession of a weapon during a violent offense all arise from an incident on October 22, 2012 (the "carjacking incident"). (*Id.* at 1.) The first-degree burglary and malicious injury to personal property charges stem from an incident that occurred about a month later (the "burglary incident"). (*Id.* at 58.)

In July 2014, Petitioner was indicted for one (1) count each of malicious injury to personal property, first degree burglary, possession of a weapon during the commission of a violent offense, impersonating a law enforcement officer, taking a vehicle by force ("carjacking"), and armed robbery. (ECF No. 18-1 at 5, 99, 102, 105, 108, 111.) Petitioner pleaded guilty to all six (6) charges. (*Id.* at 5, 100, 103, 106, 109, 112.) Petitioner was sentenced to a total term of twenty (20) years' imprisonment, with all terms to be served concurrently.[1] (*Id.* at 100, 103, 106, 109, 112.)

Petitioner filed a notice of appeal, but the appeal was dismissed on November 30, 2015, because Petitioner "failed to provide sufficient explanation as required by Rule 203(d)(1)(B)(iv)[2] of the South Carolina Appellate Court Rules." (ECF No. 18-2.)

On November 30, 2015, Petitioner filed a *pro se* application for post-conviction relief ("PCR") in the Orangeburg County Court of Common Pleas. (ECF No. 18-1 at 30.) A hearing was held on May 24, 2017, where the PCR court received testimony from Petitioner and from

---

[1] At Petitioner's PCR hearing, his sentence was corrected from thirty (30) years to twenty (20) years, which was the maximum sentence allowed by statute. (ECF No. 18-1 at 46-47.)
[2] This rule requires that if the appeal is from a guilty plea, the notice filed with the appellate court shall be accompanied by, "a written explanation showing that there is an issue which can be reviewed on appeal. This explanation should identify the issue(s) to be raised on appeal and the factual basis for the issue(s) including how the issue(s) was raised below and the ruling of the lower court on that issue(s). If an issue was not raised to and ruled on by the lower court, the explanation shall include argument and citation to legal authority showing how this issue can be reviewed on appeal. If the appellant fails to make a sufficient showing, the notice of appeal may be dismissed[.]"

Petitioner's trial counsel. (*Id*. at 43.) Petitioner testified that trial counsel never reviewed two (2) surveillance DVDs with him, that he did not know of the DVDs existence until after he pled guilty, and if Petitioner had known about the DVDs before the plea, he would have gone to trial. (*Id*. at 60.) Petitioner's trial counsel, however, testified that he reviewed the prosecutor's entire file prior to the hearing and if he had a DVD in the file, he would have reviewed it. (*Id*. at 67-68.) Further, trial counsel noted that if he did not have a DVD of the video surveillance, the State had an obligation under multiple *Brady* motions to turn them over, and without proper production, trial counsel would have opposed its admission at trial. (*Id*. at 78.) Critically, trial counsel, then explained the DVDs were incriminating, not exculpatory, because the DVDs showed Petitioner and the other men leave a convenience store parking lot and follow the victim in Petitioner's truck. (*Id*. at 68.) The PCR court denied and dismissed Petitioner's application with prejudice on April 13, 2018. (*Id*. at 97.)

On November 25, 2019, Petitioner, through counsel, filed a *Johnson*[3] Petition for Writ of Certiorari in the Supreme Court of South Carolina. (ECF No. 18-3.) The sole issue on appeal was "Whether [P]etitioner's guilty plea was rendered involuntary because plea counsel failed to fully investigate the State's case?" (*Id*. at 3.) The appeal was transferred to the South Carolina Court of Appeals, which denied certiorari and granted counsel's request to withdraw. (ECF No. 18-5, 18-6.) The remittitur was issued on January 5, 2021. (ECF No. 18-7.)

Petitioner filed this Petition for Writ of Habeas Corpus under 28 U.S.C. § 2254 on March 26, 2021. (ECF No. 1.) The Magistrate Judge construed Petitioner's single ground and supporting facts as asserting three (3) separate claims of ineffective assistance of counsel: (1) failure to

---

[3] A *Johnson* petition is the state PCR appeal analogue to a brief pursuant to *Anders v. California*, 386 U.S. 738 (1967), and effectively concedes the appeal lacks a meritorious claim. *See Johnson v. State*, 364 S.E.2d 201 (S.C. 1988).

investigate the case, (2) failure to object to an unlawful sentence for carjacking, and (3) failure to review Petitioner's confession on the burglary charge and failure to review DVDs containing surveillance footage with Petitioner.  (ECF No. 48 at 6.)  The Magistrate Judge construed Petitioner's final claim as a *Brady v. Maryland* claim for relief, arising from the State's alleged failure to turn over DVDs containing surveillance footage.  (*Id.* at 7.)

On November 22, 2021, the Magistrate Judge issued the Report, recommending that the Petition be denied and dismissed and Respondent's Motion for Summary Judgment be granted. (ECF No. 48 at 44.) On December 8, 2021, Petitioner filed objections to the Report.  (ECF No. 50.)  On December 21, 2021, Respondent filed a Reply.  (ECF No. 51.)

## II.  JURISDICTION

The court has jurisdiction over this matter pursuant to 28 U.S.C. § 2254, which provides that a federal district court has jurisdiction to entertain a § 2254 petition when the petitioner is "in custody pursuant to the judgment of a State court . . . in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2254(a).

## III.  LEGAL STANDARD

### A.  Liberal Construction of *Pro Se* Petition

Petitioner brought this action *pro se*, which requires the Court to liberally construe his pleadings. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Haines v. Kerner*, 404 U.S. 519, 520 (1972) (per curiam); *Loe v. Armistead*, 582 F.2d 1291, 1295 (4th Cir. 1978); *Gordon v. Leeke*, 574 F.2d 1147, 1151 (4th Cir. 1978).  *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys.  *Haines*, 404 U.S. at 520.  Even under this less stringent standard, however, the *pro se* petition is still subject to summary dismissal.  *Id.* at 520–21.  The mandated liberal construction means only that if the court can reasonably read the pleadings to state a valid claim on which the

petitioner could prevail, it should do so. *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999). A court may not construct the petitioner's legal arguments for him. *Small v. Endicott*, 998 F.2d 411, 417–18 (7th Cir. 1993). Nor should a court "conjure up questions never squarely presented." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

### B. Report and Recommendation

The Magistrate Judge makes only a recommendation to this court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with this court. *See Mathews v. Weber*, 423 U.S. 261, 270-71 (1976). The court reviews *de novo* only those portions of a magistrate judge's report and recommendation to which specific objections are filed, and reviews those portions which are not objected to–including those portions to which only "general and conclusory" objections have been made–for clear error. *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005); *Camby v. Davis*, 718 F.2d 198, 200 (4th Cir. 1983); *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982). The court may accept, reject, or modify, in whole or in part, the recommendation of the magistrate judge or recommit the matter with instructions. *See* 28 U.S.C. § 636(b)(1).

### C. Motion for Summary Judgment

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(a). The moving party bears the initial burden of demonstrating that summary judgment is appropriate; if the movant carries its burden, then the burden shifts to the non-moving party to set forth specific facts showing that there is a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 322-23 (1986).

When considering a motion for summary judgment, the evidence of the non-moving party

is to be believed and all justifiable inferences must be drawn in favor of the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). However, "[o]nly disputes over facts that might affect the outcome of the suit under governable law will properly preclude the entry of summary judgment." *Id.* at 248. Further, to show that a genuine issue of material fact exists, the non-moving party must set forth facts beyond "[t]he mere existence of a scintilla of evidence." *Id.* at 252. The non-moving party must present evidence sufficient to demonstrate that a reasonable jury could return a verdict for the non-moving party to avoid summary judgment. *See id.* at 248.

### D. Petitions for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254

State prisoners have a statutory right to seek habeas relief in federal courts. *See* 28 U.S.C. § 2254(a). However, a court's review of a § 2254 petition filed after April 24, 1996, is limited by provisions of The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") (codified as amended in scattered sections of 28 U.S.C.). Because Petitioner filed his Petition after the effective date of the AEDPA, review of his claim is governed by 28 U.S.C. § 2254(d), as amended. *See Breard v. Pruett*, 134 F.3d 615, 619 (4th Cir. 1998).

Under the AEDPA, federal courts may not grant habeas corpus relief unless the underlying state adjudication: (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established federal law, as determined by the Supreme Court of the United States; or (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented at the State court proceeding. 28 U.S.C. § 2254(d)(1)-(2); *see Williams v. Taylor*, 529 U.S. 362, 398 (2000). "[A] federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state court decision applied clearly established federal law erroneously or incorrectly." *Williams*, 529 U.S. at 410. "Rather, that application must also be unreasonable." *Id.* In making this determination, a

federal court's habeas review focuses on the state court decision that already addressed the claims, not "the petitioner's free-standing claims themselves." *McLee v. Angelone,* 967 F. Supp. 152, 156 (E.D. Va. 1997), *appeal dismissed,* 139 F.3d 891 (4th Cir. 1998). Moreover, state court factual determinations are presumed to be correct, and the petitioner has the burden of rebutting this presumption by clear and convincing evidence. 28 U.S.C. § 2254(e)(1); *Cagle v. Branker,* 520 F.3d 320, 324 (4th Cir. 2008).

## IV. ANALYSIS

### A. The Report and Recommendation

In the Report, the Magistrate Judge determined that Petitioner cannot state viable claims of ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984), for counsel's alleged failure to investigate the case, object to an incorrect sentence for carjacking, review Petitioner's confession on the burglary charge, and review DVDs containing surveillance footage with Petitioner . (ECF No. 48 at 25–40.) The Magistrate Judge further determined that "Petitioner waived and/or abandoned any *Brady* violation claim in the state court . . . has failed to show cause and actual prejudice to overcome his failure to litigate that claim[] [a]nd, . . . simply not shown a *Brady* violation because the solicitor disclosed the DVDs to Petitioner's counsel and the contents of those DVDs are not favorable to Petitioner." (*Id.* at 42.) As a result, the Magistrate Judge suggests summary judgment is appropriate because Petitioner has failed to demonstrate that he is entitled to relief. Moreover, the Magistrate Judge recommended Petitioner's Motion for an Evidentiary Hearing (ECF No. 30), Motion to Strike and/or Vacate (ECF No. 36), and Motion to Appoint Counsel for Estoppel (ECF No. 41), each be denied.

### B. Petitioner's Objections

As an initial matter, Petitioner first "objects totally to the Magistrate recommendation[.]"

7

(ECF No. 50 at 1.)  The court finds that Petitioner's objection merely amounts to a general disagreement with the Magistrate Judge's findings.

"The purpose of magistrate review is to conserve judicial resources." *Nichols v. Colvin*, 100 F. Supp. 3d 487, 497 (E.D. Va. 2015).  Generally, a party's objection to a magistrate judge's report must be "specific and particularized" in order to facilitate review by a district court.  *United States v. Midgette*, 478 F.3d 616, 621 (4th Cir. 2007).  "An 'objection' that does nothing more than state a disagreement with a magistrate's suggested resolution, or simply summarizes what has been presented before, is not an 'objection' as that term is used in this context." *Aldrich v. Bock*, 327 F. Supp. 2d 743, 747 (E.D. Mich. 2004).  As the court finds no clear error on the face of the record, the court denies Petitioner's general objection.

Next, Petitioner objects to the Magistrate Judge's findings that Petitioner pled guilty to avoid the possibility of a life without parole ("LWOP") sentence.  (ECF No. 50 at 2.)  More specifically, Petitioner contends his guilty plea was involuntary because the State improperly threatened Petitioner with LWOP based upon Petitioner's prior convictions and that he was not aware of the consequences of his plea.  (*Id*. at 6-8.)  The court finds this objection is without merit.  Despite also having other charges that could have placed him in a position of receiving a sentence of life without parole, in this case Petitioner had a first-degree burglary conviction which, in and of itself, carries a sentencing range of fifteen (15) years to life imprisonment.  *See* S.C. Code Ann. Section 16-11-311; S.C. Code Ann. Section 17-25-45 (West 2022).  Petitioner's trial counsel testified that after having discussions with Petitioner about his case, trial counsel wrote a fifteen (15) page letter to Petitioner detailing the charges, elements, and the possible sentences for all the charges, including the possibility of receiving LWOP.  (ECF No. 18-1 at 65.)  Following these discussions, Petitioner instructed trial counsel to arrange a plea agreement with a thirty (30) year

8

maximum sentence. (*Id*. at 72.) Then, at Petitioner's plea hearing, the State presented facts chronicling Petitioner's involvement in the charged offenses and Petitioner admitted that he "agreed[d] with the facts as stated" and that he was "in fact, guilty of each of those charges." (*Id*. at 12.) Accordingly, the court denies Petitioner's objection.

Last, Petitioner objects that his guilty plea did not comply with Federal Rule of Criminal Procedure Rule 11. Under *Brady*, a defendant can make an intelligent and voluntary guilty plea if he is "fully aware of the direct consequences" of the plea. *Brady v. Maryland*, 397 U.S. 742, 755 (1970). In contrast, collateral consequences rather than direct consequences do not need to be explained to the defendant to ensure that the plea is voluntary. *See United States v. Salerno*, 66 F.3d 544, 550-51 (2d Cir. 1995). Additionally, Rule 11 does not require the trial judge to inquire whether a defendant is aware of the collateral effects of his plea. *Michel v. U.S.*, 507 F.2d 461, 465 (2d Cir. 1974). Therefore, the court denies Petitioner's final objection.

## V. CONCLUSION

For the reasons set forth above, the court **ACCEPTS** the Report and Recommendation (ECF No. 48), **GRANTS** Respondent's Motion for Summary Judgment (ECF No. 19), **DENIES** each of Petitioner's Motions (ECF Nos. 22, 30, 36, 41), and **DISMISSES** Petitioner's Petition for a Writ of Habeas Corpus (ECF No. 1).

## CERTIFICATE OF APPEALABILITY

A certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c). A prisoner satisfies this standard by demonstrating that reasonable jurists would find this court's assessment of his constitutional claims debatable or wrong and that any dispositive procedural ruling by the district court is likewise debatable. *See Miller-El v. Cockrell*, 536 U.S. 322, 336 (2003); *Slack v. McDaniel*, 529

U.S. 473, 484 (2000); *Rose v. Lee*, 252 F.3d 676, 683 (4th Cir. 2001). In this case, the legal standard for the issuance of a certificate of appealability has not been met. Therefore, the court **DECLINES** to grant a certificate of appealability.

    **IT IS SO ORDERED.**

*J. Michelle Childs*
United States District Judge

March 22, 2021
Columbia, South Carolina